IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COURTNEY DJARIS WILSON,           )<br>                                                          )<br>    Petitioner,                              )<br>                                                          )          CIVIL ACTION NO.<br>v.                                                    )          3:18-cv-865-WKW-CSC<br>                                                          )                    (WO)<br>UNITED STATES OF AMERICA,      )<br>                                                          )<br>    Respondent.                            ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Courtney Djaris Wilson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] As discussed below, Wilson's § 2255 motion is time-barred, and thus the Magistrate Judge recommends that his motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

### I. INTRODUCTION

In April 2012, a jury in the Middle District of Alabama found Wilson guilty of the following offenses:

> Count 1: conspiracy to possess firearms in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(o);
>
> Count 2: aiding and abetting attempted carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2);

---

[1] Unless otherwise indicated, references to document numbers ("Doc.") are to the document numbers of the pleadings, motions, and other materials in the court file of this civil action, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Count 3: aiding and abetting the brandishing of a firearm in furtherance of a crime of violence (the attempted carjacking in Count 2), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2;

Count 4: aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2), 2;

Count 5: aiding and abetting the brandishing and discharging of a firearm in furtherance of a crime of violence (the carjacking in Count 4), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii)–(iii), (c)(1)(C)(i), 2;

Count 6: aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), 2; and

Count 7: aiding and abetting the brandishing of a firearm in furtherance of a crime of violence (the Hobbs Act robbery in Count 6), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 2.

After a sentencing hearing on September 18, 2012, the district court sentenced Wilson to 894 months in prison, consisting of 210 months on Counts 1, 2, 4, and 6, to be served concurrently; 84 months on Count 3, to be served consecutively to the other sentences; 300 months on Count 5, to be served consecutively to the other sentences; and 300 months on Count 7, to be served consecutively to the other sentences.

Wilson appealed, raising the following claims: (1) the district court erred in denying his motion in limine to exclude evidence under Federal Rule of Evidence 404(b) or, in the alternative, failing to sever the trial; (2) the district court erred in allowing a gang expert from California to testify; (3) the district court erred in ordering enhanced security measures at trial; (4) the district court erred in granting the prosecution's *Batson* challenge during jury selection, *Batson v. Kentucky*, 476 U.S. 79 (1986); (5) the district court erred in enhancing his sentence; and (6) application of 18 U.S.C. § 922(g) was inappropriate in his case. Doc. 22-3.

On December 16, 2015, the Eleventh Circuit issued an opinion affirming Wilson's convictions and sentence. *United States v. Wilson*, 634 F. App'x 718 (11th Cir. 2015). On December 29, 2015, Wilson filed a petition for rehearing en banc. Doc. 22-4 at 10. On March 1, 2017, the Eleventh Circuit denied Wilson's petition for rehearing en banc. Doc. 22-4 at 10.

On May 17, 2017, Wilson filed an application to extend the time to a file a petition for writ of certiorari with the U.S. Supreme Court from May 30, 2017, to June 29, 2017. Doc. 22-5 at 2. On May 24, 2017, the Supreme Court granted Wilson's application for an extension of time to June 29, 2017. Doc. 22-5 at 2. Wilson filed a petition for writ of certiorari on June 28, 2017. Doc. 22-5 at 2. The Supreme Court denied Wilson's petition for writ of certiorari on October 2, 2017. Doc. 22-5 at 2; *Wilson v. United States*, 138 S. Ct. 199 (2017).

On October 5, 2018, Wilson, through counsel, filed this § 2255 motion asserting claims that (1) the district court violated his right to impeach witnesses, as recognized in *United States v. Davis*, 415 U.S. 308 (1974); (2) the Government's failure to establish a conspiracy before the admission of coconspirator hearsay violated *United States v. Morrow*, 537 F.2d 120 (5th Cir. 1976); (3) his mandatory minimum sentences violated *United States v. Booker*, 543 U.S. 220 (2005); and (4) his counsel rendered ineffective assistance under the standard of *Strickland v. Washington*, 446 U.S. 668 (1984). Doc. 1 at 6–20.

The Government filed a response to Wilson's § 2255 motion in which it argues that the motion is time-barred under AEDPA's one-year statute of limitations, 28 U.S.C.

3

§ 2255(f). Doc. 22-2. The parties have filed additional pleadings addressing the statute-of-limitations issue. Docs. 25, 27, 29.

## II.  DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The U.S. Supreme Court has held that, for purposes of AEDPA's one-year limitation period, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Likewise, the Eleventh

Circuit has held that a conviction becomes final the day the Supreme Court denies a petition for writ of certiorari or issues a decision on the merits. *Washington v. United States*, 243 F.3d 1299, 1300–01 (11th Cir. 2001).

Here, the U.S. Supreme Court denied Wilson's petition for writ of certiorari on October 2, 2017. Doc. 22-5 at 2; *see Wilson v. United States*, 138 S. Ct. 199 (2017). Wilson's convictions became final on that date. *Clay*, 537 U.S. at 527; *Washington*, 243 F.3d at 1300–01. Under 28 U.S.C. § 2255(f), Wilson had one year from the Supreme Court's October 2, 2017 denial of certiorari—i.e., until October 2, 2018—to file his § 2255 motion.[2] He filed his § 2255 motion on October 5, 2018—the date, through counsel, he certified he mailed the motion and uploaded the motion via the Internet to the Clerk of Court. Doc. 1 at 21. Because Wilson's convictions became final on October 2, 2017, his § 2255 motion filed on October 5, 2018, was filed after expiration of the one-year AEDPA limitation period in 28 U.S.C. § 2255(f)(1).

Wilson, without citation to authority, argues that his motion is timely under § 2255(f)(1) because, he says, the one-year limitation period runs from October 5, 2017—the date on which the Supreme Court's October 2, 2017 denial of his petition for certiorari "was certified to this Honorable Court and Mr. Wilson." Doc. 25 at 2. Matters in the record reflect that on October 5, 2017, the Clerk of Court for the Middle District of Alabama docketed the Supreme Court's October 2, 2017 letter to the Eleventh Circuit stating that Wilson's petition for certiorari had been denied. Doc. 27-3.

---

[2] October 2, 2018 was a Tuesday.

Wilson's argument here is not well taken. The Eleventh Circuit has held that receipt by the lower court of the Supreme Court's denial of certiorari does not govern when a judgment of conviction becomes final for purposes of AEDPA's one-year limitation period. *Adams v. United States*, 173 F.3d 1339, 1342–43 (11th Cir. 1999). The governing date is the date on which the Supreme Court denies certiorari. *Id*. at 1343. *See also United States v. Thomas*, 203 F.3d 350, 355–56 (5th Cir. 2014) (holding that Supreme Court's denial of petition for writ of certiorari is effective immediately upon issuance absent extraordinary intervention by Supreme Court and that, accordingly, there is no justification or authority for delaying the one-year period of limitations until the lower court receives notice of the denial of the petition for writ of certiorari). Wilson's § 2255 motion is untimely under § 2255(f)(1).

Wilson alternatively argues that 28 U.S.C. § 2255(f)(3) provides the limitation period for his § 2255 motion. Doc. 1 at 6. Section 2255(f)(3) provides that a § 2255 motion is timely filed if it is filed within one year from "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207–08 (11th Cir. 2012).

Without addressing the question of retroactivity, this Court finds that § 2255(f)(3) does not apply to Wilson's § 2255 motion, because all his claims are based on cases decided long before his 2012 conviction, and, for those cases, the Supreme Court did not establish

6

a newly recognized right within the one year prior to Wilson's filing of his § 2255 motion.[3] Wilson's § 2255 motion was not filed within one year of any of the cases he relies upon for his claims. Thus, Wilson's claims do not fall under the ambit of § 2255(f)(3), and the limitation period in § 2255(f)(1) controls in his case.

The one-year limitation period may be equitably tolled on grounds besides those specified in § 2255 "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (1999). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000). Here, Wilson does not argue for equitable tolling. Thus, equitable tolling does not apply.

Wilson filed his § 2255 motion after expiration of AEDPA's one-year limitation period. Consequently, his motion is time-barred, and his claims are not subject to review.

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Wilson's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further

---

[3] As indicated above, Wilson claims (1) the district court violated his right to impeach witnesses, as recognized in *United States v. Davis*, 415 U.S. 308 (1974); (2) the Government's failure to establish a conspiracy before the admission of coconspirator hearsay violated *United States v. Morrow*, 537 F.2d 120 (5th Cir. 1976); (3) his mandatory minimum sentences violated *United States v. Booker*, 543 U.S. 220 (2005); and (4) his counsel rendered ineffective assistance under the standard of *Strickland v. Washington*, 446 U.S. 668 (1984). Doc. 1 at 6–20.

ORDERED that **by October 28, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of October, 2021.

    /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE