IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY DJARIS WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-865-WKW-CSC |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Before the Court is Courtney Djaris Wilson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 1.) The Magistrate Judge filed a Report and Recommendation, recommending that this action be dismissed as time barred. (Doc. # 30.) Wilson has filed objections to the Report and Recommendation. (Doc. # 31.) Upon an *de novo* review of the record, this case is due to be dismissed.

Wilson's objections do not raise any issues that were not thoroughly addressed by the Magistrate Judge. This court is compelled to follow the binding precedent of the Eleventh Circuit, and *Adams v. United States* entirely forecloses Wilson's first argument. *See* 173 F.3d 1339, 1342–43 (11th Cir. 1999). Wilson's conviction was final when his petition for writ of certiorari was denied, not when that fact was communicated to him or this court. *Id.* Wilson did not file his motion within one year of the denial of the writ, and his motion is therefore untimely.

Wilson's second argument is a non-starter. The provisions of 28 U.S.C. § 2255(f)(3) can justify starting the limitations period on a later date. Specifically, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, Wilson does not cite any case, much less a Supreme Court case, that was decided after his petition for writ of certiorari was denied. Wilson correctly identifies that the rights at issue were recognized by the Supreme Court in two cases decided in 1984 and 1974 respectively. Surely Wilson would not want the court to calculate the limitations period as beginning in 1984. Even if so, the limitation period begins on "the latest of" the options in the statute, which in this case was the date on which Wilson's petition for writ of certiorari was denied. *See* 28 U.S.C. § 2255(f).

It is ORDERED:

1. Wilson's objections (Doc. # 31) are OVERRULED;

2. The Magistrate Judge's Recommendation (Doc. # 30) is ADOPTED;

3. Wilson's motion (Doc. # 1) is DENIED as time barred;

4. This case is DISMISSED with prejudice.

A final judgment will be entered separately.

DONE this 1st day of November, 2021.

                                          /s/ W. Keith Watkins
                                     UNITED STATES DISTRICT JUDGE